# Exhibit 1

FILED
01-06-2022
CIRCUIT COURT
DANE COUNTY, WI
2022CV000044
Honorable Stephen E
Ehlke
Branch 15

STATE OF WISCONSIN     CIRCUIT COURT     DANE COUNTY
BRANCH

OLAOLUWA O. ILELABOYE
8430 Market St. Unit 421
Middleton, WI 53562

Plaintiff

v.

HUMANA WISCONSIN HEALTH
ORGANIZATION INSURANCE
CORPORATION
N19W24133 Riverwood Drive
Suite 300
Waukesha, WI 53188-1145

Defendant

Case No.
Case code: 30303

( ) Personal     ( ) Substitute
( ) _____     ( ) Corporate

Process Server: _____
Date: 1-31-22    Time: 10:55A
Address of Service: _____
_____
Person Served: Humana Wis. Health Org. Insur.
John Long

## SUMMONS

STATE OF WISCONSIN

TO **HUMANA WISCONSIN HEALTH ORGANIZATION INSURANCE CORP.**

    You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

    Within 45 days of receiving the Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Dane County Courthouse, 215 S. Hamilton Street, Madison, Wisconsin 53703 and to plaintiff's attorney, whose address is 613 Williamson Street, Suite 201, Madison, WI 53703. You may have an attorney help or represent you.

    If you do not provide a proper answer within 45 days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect

1

| | | | FILED |
|---|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **DANE** | 01-06-2022 |
| Olaoluwa O. Ilelaboye vs. Humana Wisconsin Health Organization Insurance Corporation | **Electronic Filing Notice** | | CIRCUIT COURT DANE COUNTY, WI |
| | Case No. 2022CV000044 Class Code: Other-Contract | | 2022CV000044 Honorable Stephen E Ehlke Branch 15 |

HUMANA WISCONSIN HEALTH ORGANIZATION INSURANCE COR...
N19W24133 RIVERWOOD DRIVE
WAUKESHA WI 53188

Case number 2022CV000044 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: db8f02**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: January 6, 2022

in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated this 6th day of January 2022

**TURKE & STRAUSS LLP**

<u>Electronically signed by Mary C. Turke</u>
Mary C. Turke, SBN 1027045
Alex Phillips, SBN 1098356
613 Williamson Street Suite 201
Madison, WI 53703
Ph: 608-237-1776
Email: mary@turkestrauss.com

*Attorneys for plaintiff*

2

FILED
01-06-2022
CIRCUIT COURT
DANE COUNTY, WI
2022CV000044
Honorable Stephen E
Ehlke
Branch 15

STATE OF WISCONSIN     CIRCUIT COURT     DANE COUNTY
BRANCH ___

OLAOLUWA O. ILELABOYE
8430 Market St., Unit 421
Middleton, WI 53562

    Plaintiff

v.                                 Case No.
                                  Case code: 30303

HUMANA WISCONSIN HEALTH
ORGANIZATION INSURANCE
CORPORATION
N19W24133 Riverwood Drive
Suite 300
Waukesha, WI 53188-1145

    Defendant

## COMPLAINT

Plaintiff Olaoluwa O. Ilelaboye, by his attorneys Turke & Strauss LLP, states as follows for his claim against defendant.

1. In this lawsuit Mr. Ilelaboye seeks to enforce his rights under a health insurance policy with defendant Humana Wisconsin Organization Insurance Corporation ("Humana").

2. Plaintiff is an adult resident of the State of Wisconsin, residing in Dane County.

3. Defendant Humana is a Wisconsin stock corporation with offices located at the address listed in the Summons. Humana provides health insurance coverage to Wisconsin residents through, relevant here, group plan sponsors.

4.     At all times relevant to this action, Humana had a health insurance contract with Mr. Ilelaboye through group plan sponsor, ADP Totalsource, Inc. (the "Contract").

**The Contract**

5.     The Contract provides that when an insured <u>chooses</u> to use an out of network provider, the non-network rates will apply: "When an insured *elect[s]* to utilize the services of a non-network provider for a covered service, benefit payments to such non-network provider are not based upon the amount billed."

6.     The Contract instructs that if an insured needs emergency care, the insured should go to the nearest network hospital emergency room or, if the insured's condition does not allow her to go to a network hospital, she should find the nearest hospital emergency room:

> **Seeking emergency care**
>
> If *you* need *emergency care*:
>
> - Go to the nearest *network hospital* emergency room; or
> - Find the nearest *hospital* emergency room if *your* condition does not allow *you* to go to a *network hospital*.
>
> *You*, or someone on *your* behalf, must call *us* within 48 hours after *your admission* to a *non-network hospital* for *emergency care*. If *your* condition does not allow *you* to call *us* within 48 hours after *your admission*, contact *us* as soon as *your* condition allows. *We* may transfer *you* to a *network hospital* in the *service area* when *your* condition is stable. *You* must receive services from a *network provider* for any follow-up care for the *network provider copayment, deductible* or *coinsurance* to apply.

7.     The Contract states that if an insured is *admitted* to a *non-network hospital* for emergency care, the insured must call Humana within 48 hours after admission or, if the insured is not able to call Humana within that period, the insured must contact Humana as soon as she is stable.

8.     The Contract says Humana may transfer an insured to a network hospital

4

when the insured's condition is stable.

9. Following admission to a non-network hospital for emergency services, the Contract says an insured must receive services for *follow-up care* from an in-network provider for the network provider copayment, deductible or coinsurance to apply.

10. The Contract states that the annual dollar limits to "covered expenses" do not apply to covered expenses that are "essential health benefits."

11. The Contract defines "essential health benefits" as the categories determined by the Affordable Care Act, including "Emergency services" and "Hospitalization."

12. The Contract does not define "Emergency services."

13. The Affordable Care Act defines "Emergency services" as "evaluation of an emergency medical condition and treatment to keep the condition from getting worse."

14. "Covered expenses" are "[m]edically necessary services to treat a sickness or bodily injury."

15. The Contract defines the "maximum allowable fee" for a "covered expense, other than emergency care services provided by non-network providers in a hospitals' emergency department" is *the lesser of* the following:

- The fee charged by the provider;

- The fee that has been negotiated with the provider whether directly or through an intermediary;

- The fee Humana establishes by comparing rates from regional or national databases for similar services;

5

- The fee based on rates Humana negotiated with other payors or provider networks in a geographic area;

- The fee based upon the provider's cost for providing the same or similar services as reported in a Medicare cost report; or

- The fee based on a percentage Humana determines of the fee Medicare allows for the same or similar services.

**Mr. Ilelaboye's Medical Emergency**

16. On or about February 19, 2021, Mr. Ilelaboye was traveling in Minnesota.

17. While traveling, Mr. Ilelaboye suffered an acute and life threatening medical emergency. As required under the Contract, Mr. Ilelaboye sought medical care at the nearest emergency care facility, Rice Memorial Hospital in Wilmar, Minnesota ("Rice").

18. After performing tests and physical examination of Mr. Ilelaboye, the physicians at Rice Memorial determined that given his acute medical condition, Mr. Ilelaboye needed immediate medical attention with a specialist. However, Rice did not have such a specialist on staff.

19. The Rice staff inquired with several hospitals if they could accept Mr. Ilelaboye on an emergent basis—including Fairview Ridge in Burnsville, Minnesota and the University of Minnesota Hospital.

20. However neither Fairview Ridge nor University of Minnesota could accept Mr. Ilelaboye immediately.

21. As a result, the physicians at Rice transferred Mr. Ilelaboye by ambulance

to Abbott Northwestern Hospital in Minneapolis, Minnesota ("Abbott").

22. Abbot is an "out of network" provider under the Contract.

23. Mr. Ilelaboye had no choice as to the selection of the hospital for his emergent care needs or whether to see a specialist, as his acute medical emergency was a matter of life or death.

24. On or about February 19, 2021, Mr. Ilelaboye was admitted to Abbott and underwent emergency diagnostic tests and surgical procedures.

25. On or about February 22, 2021, Mr Ilelaboye's physician contacted Humana on his behalf to alert them of his emergency medical condition.

26. Mr. Ilelaboye was discharged from Abbott on February 23, 2021.

27. The treatment Mr. Ilelaboye received from Abbott qualifies as Emergency Services.

28. On February 26, 2021, after returning to Madison, Wisconsin, Mr. Ilelaboye was seen by physicians in the network provider, UW Health system, for follow-up medical care.

**Humana Breaches the Contract by Denying Coverage for Emergency Services**

29. Following Mr. Ilelaboye's medical emergency, he received numerous medical bills from Abbott providers attributable to the medical treatment he received.

30. Humana denied coverage for Abbott-related medical costs that were billed to Mr. Ilelaboye (the "Abbott Costs") because according to Humana, they exceeded Humana's "maximum allowable fee" for "covered expenses" at a non-network hospital.

31. Humana denied coverage for the Abbott Costs even though they were

"covered expenses" within the "Essential Heath Benefits" category (emergency services and hospitalization) for which the Contract does *not* apply annual dollar limits.

32.   Humana denied coverage for the Abbott Costs even though the "maximum allowable fees" do not apply to emergency services provided by non-network providers in a hospital's emergency department.

33.   Humana denied coverage even though Mr. Ilelaboye followed the Contract's direction in emergency situations.

34.   Humana denied coverage even though Mr. Ilelaboye did not "elect" to seek emergency care from a non-network hospital. Under the Contract, Humana should have covered Mr. Ilelaboye's emergency services because he: (i) received "emergency services"; (ii) at the nearest emergency room that could treat his condition, which he did not "elect"; (iii) the Contract's "maximum allowable fees" did not apply because he received services "provided by non-network providers in a hospitals' emergency department[.]"

35.   Even so, Humana informed Mr. Ilelaboye that it would not pay anything in excess of the "maximum allowable fees" and that Mr. Ilelaboye would be responsible for the difference between the maximum allowable fee and the amount Abbott and its providers were charging.

36.   As a result, Mr. Ilelaboye owes medical bills in excess of $34,850, including $22,000 to Abbott Northwestern Hospital.

**Mr. Ilelaboye exhausts the Contract's appeal requirements**

37.   The Contract outlines certain appeal and external review rights.

38. Mr. Ilelaboye timely exercised and exhausted his appeal rights with Humana as to its coverage decision.

39. On or about July 30, 2021, Humana's Grievance and Appeal Department informed Mr. Ilelaboye that it had denied his claims as to the Abbott Costs "over the maximum allowable fee." But that letter did not include any information as to how Humana calculated the maximum allowable fee or why Humana did not consider his treatment "emergency services."

40. The Contract requires that when Humana denies an appeal, it provides the insured a "copy of the rule, protocol or similar criterion" relied on in making such decision, free of charge to the claimant. Humana did not provide this information to Mr. Ilelaboye.

41. Mr. Ilelaboye then engaged legal counsel, who, on Mr. Ilelaboye's behalf requested on or about October 7, 2021 that Humana provide copies of all information Humana relied upon in determining the "maximum allowable fee" as to Mr. Ilelaboye's claims.

42. On or about October 11, 2021, Humana responded that it was "researching the issue" and would respond within the "required timeframe."

43. However, Humana has failed to respond and has not provided Mr. Ilelaboye or his counsel with information justifying its "maximum allowable fee."

44. Mr. Ilelaboye continues to receive collection notices and phone calls from Abbott-related creditors. As a result of Humana's unjustified claim denial and failure to follow its own procedures, Mr. Ilelaboye will suffer damages in an amount to be

determined at trial.

## Count I

### Breach of Insurance Contract

45. Mr. Ilelaboye realleges the Complaint allegations above.

46. The Contract is a valid and enforceable insurance contract.

47. Humana breached the Contract by denying coverage for the Abbott Costs.

48. Humana breached the Contract by failing to timely provide information justifying that decision.

49. Humana's breach caused Mr. Ilelaboye damages in an amount to be determined at trial.

## Count II
## Bad Faith

50. Mr. Ilelaboye alleges the Complaint allegations above.

51. By virtue of the Contract, Humana has a duty of good faith and fair dealing with its insured, Mr. Ilelaboye.

52. Humana breached its duty of good faith by interpreting the Contract in a manner that favors Humana over its insured, denying coverage where there is a plain and reasonable basis under the Contract terms to provide coverage.

53. In denying Mr. Ilelaboye's claim for coverage of the Abbott Charges, Humana did not exercise reasonable diligence as it related to the Contract terms.

54. Humana violated its duty of good faith and fair dealing to Mr. Ilelaboye.

55. Humana's violation caused damages to Mr. Ilelaboye in an amount to be

determined at trial.

**WHEREFORE,** Mr. Ilelaboye demands judgment against defendant for his unpaid medical charges, together with taxable costs and disbursements of this action, actual attorney's fees and costs, punitive damages and such further relief as the Court deems just and equitable.

Dated this 6th day of January 2022

        **TURKE & STRAUSS LLP**

        <u>Electronically signed by Mary C. Turke</u>
        Mary C. Turke, SBN 1027045
        Alex Phillips, SBN 1098356
        613 Williamson Street Suite 201
        Madison, WI 53703
        Ph: 608-237-1776
        Email: mary@turkestrauss.com

        *Attorneys for plaintiff*