IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

OLAOLUWA O. ILELABOYE,

Plaintiff,

v.                                                          OPINION and ORDER

HUMANA WISCONSIN HEALTH ORGANIZATION                        22-cv-108-jdp
INSURANCE CORPORATION,

Defendant.

Plaintiff Olaoluwa O. Ilelaboye is suing defendant Humana Wisconsin Health Organization Insurance Corporation for denying him health insurance coverage in violation of the Employee Retirement Income Security Act (ERISA). Specifically, Ilelaboye contends that Humana refused to pay costs for emergency services on the ground that they exceeded the "maximum allowable fee" under Ilelaboye's benefits plan, even though that limitation on coverage doesn't apply to emergency services.

The merits of the parties' dispute aren't yet before the court. Rather, Ilelaboye seeks leave to conduct "limited" discovery to determine whether "Humana has policies and procedures to safeguard from biased coverage decisions that benefit Humana at Plan participants' expense" and whether "Humana violated these procedures with respect to Mr. Ilelaboye's claim." Dkt. 14, at 7. But discovery is rarely allowed in an ERISA case like this one, and Ilelaboye hasn't shown that this case falls into an exception. So the court will deny Ilelaboye's request to conduct discovery.

ANALYSIS

The standard for allowing discovery on a denial-of-benefits claim under ERISA depends on whether the plan gives the administrator discretionary authority to determine when benefits are due. If it does, discovery is the exception rather than the rule because the court reviews the decision under the deferential arbitrary-and-capricious standard, which means that review is generally limited to the administrative record. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 982 (7th Cir. 1999). The parties agree that the plan gives Humana discretionary authority.

An exception to the general rule against discovery may apply if the plaintiff is alleging a conflict of interest. *Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 365 (7th Cir. 2017). This exception is based on the view that evidence of bias may help show that the administrator didn't evaluate the claim on the merits or abused its discretion. *See Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 108 (2008); *Perlman*, 195 F.3d at 982. Ilelaboye contends that Humana has a conflict of interest because it both decides claims and pays benefits. But that type of conflict "is a given in almost all ERISA cases," *Marrs v. Motorola, Inc.*, 577 F.3d 783, 789 (7th Cir. 2009), so it isn't enough to require discovery, *Dennison v. MONY Life Ret. Income Sec. Plan for Emps.*, 710 F.3d 741, 746 (7th Cir. 2013).

The court of appeals hasn't provided a precise standard for what a plaintiff must show to obtain discovery when alleging a conflict of interest. But the plaintiff must at least provide a plausible basis for believing that bias or a conflict influenced the benefits decision and that the plaintiff isn't simply going on a fishing expedition. *See Dennison*, 710 F.3d at 746; *Semien v. Life Ins. Co. of North America*, 436 F.3d 805, 815 (7th Cir. 2006*); Midthun-Hensen v. Grp. Health Coop. of S. Cent. Wisconsin, Inc.*, No. 21-cv-608-slc, 2022 WL 1442842, at *5 (W.D. Wis. May

6, 2022); *see also Marrs*, 577 F.3d at 789 ("The likelihood that the conflict of interest influenced the decision is . . . the decisive consideration.").

Ilelaboye hasn't made the necessary showing. He points to two reasons why he believes that Humana is biased: (1) Humana relied on administrative staff rather than physicians to decide that Ilelaboye didn't receive emergency medical services; and (2) Humana didn't provide Ilelaboye with all the documentation it relied on to decide his claim. The court isn't persuaded that either reason provides a basis for believing that a conflict of interest may have influenced Humana's decision.

As for Ilelaboye's first reason, Humana doesn't deny that a medical professional should decide whether particular medical treatment qualifies as an emergency. But Humana says that it imposed the maximum allowable fee because the services weren't "billed to Humana as emergency services." Dkt. 16, at 3. In other words, Humana's position appears to be that it need not make an independent determination on whether treatment qualifies as emergency services unless the medical provider itself bills the services that way. If that view is inconsistent with the plan language, that may support an argument that Humana's decision was arbitrary and capricious. But it doesn't suggest that Humana's decision was influenced by a conflict of interest. *See Midthun-Hensen*, 2022 WL 1442842, at *7 (evidence that administrator acted unreasonably is not in and of itself evidence that administrator was influenced by a conflict).

As for the second reason, Humana contends that it provided Ilelaboye with all the documentation required under the plan. But even if that's incorrect, or if Humana fails to adequately explain the basis for its decision, that's not evidence of a specific conflict. Rather, it is again a basis for arguing that the decision was arbitrary and capricious. *See Gallo v. Amoco*

*Corp.*, 102 F.3d 918, 923 (7th Cir. 1996) ("An administrator who fails to articulate his grounds runs the risk that a court will find that he has no grounds.").

Ilelaboye hasn't identified any basis for believing that discovery would lead to evidence that Humana's denial of benefits was influenced by bias or a conflict of interest. The court will deny his request for discovery.

## ORDER

IT IS ORDERED that plaintiff Olaoluwa O. Ilelaboye's request for discovery, Dkt. 14, is DENIED.

Entered July 22, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

4